```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :   **MEMORANDUM DECISION**
            - against -                                     :   **AND ORDER**
                                                            :
ISRAEL GOLDREICH, also known as                             :   14 Cr. 0617 (BMC)
"Izzy Goldreich,"                                           :
                                                            :
                        Defendant.                          :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is defendant's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Defendant argues that the Government failed at trial to prove three elements necessary for a conviction: (1) that the money belonged to the United States or was a "thing of value to the United States"; (2) that defendant knew the property belonged to the United States; and (3) that defendant's conduct was willful. Defendant's motion is denied for the following reasons:

1. The Government introduced sufficient evidence that the FBI authorized a transfer of money through a bank account into defendant's bank account but maintained ownership of that property. The very plan in which defendant agreed to participate involved returning the money to the United States, albeit by transferring it to Undercover Agent Max Larsen ("Larsen"). Defendant was in legal possession of the money at the time it was transferred to his bank account, but the United States still held legal title to the money, and therefore the property remained that of the federal government until the time of defendant's conversion. Conversion, although it varies slightly by state, generally requires that a defendant unlawfully and without authorization assume and exercise control over the property to the exclusion of the owner, and

1

refuse the owner's demand for return of the property.  See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 737 (2d Cir. 2010); Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir. 1993).  The jury heard Larsen's testimony that the agreed plan was to transfer money into defendant's account for a short time and that defendant would then transfer it into Larsen's bank account, and heard audio recordings between Larsen and defendant to this effect.  This, along with documentary evidence, was sufficient for the jury to rationally conclude that Larsen had given possession, but not title, to the federal government's money, that Larsen requested the money to be transferred to him (i.e. returned to the government), and that defendant refused to return it.

2.  The "supervision and control" test for theft of government funds under 18 U.S.C. § 641, as explained in Hayle v. United States, 815 F.2d 879 (2d. Cir. 1987), though inapposite here, leads to the same result.  Hayle and its progeny involve government transfers of federal money to state and local agencies before a crime was committed.  See, e.g., Hayle v. United States, 815 F.2d at 882; United States v. McKay, 274 F.3d 755, 758 (2d Cir. 2001).  By contrast, the federal government in this case transferred the money directly to defendant, hence the indictment for conversion instead of theft.  Even if Hayle's test were applicable here, details of the FBI's investigation, and of Larsen's plan with defendant to transfer the funds to defendant only for a short time before sending to Larsen, provided ample evidence for a rational jury to conclude that the federal government maintained "supervision and control" over the money in defendant's bank account and it therefore remained money of the United States.  See Hayle, 815 F2d at 882.

3.  Defendant need not know that the property belonged to the United States in order to be convicted for conversion of government property under 18 U.S.C. § 641.  The Second Circuit has made clear that "the statutory requirement [of § 641] that the stolen property in fact belonged

to the Government was to lay the basis for federal jurisdiction" and "defendant's knowledge of [that] jurisdictional fact is irrelevant." United States v. Jermendy, 544 F.2d 640, 641 (2d Cir. 1976); United States v. LaPorta, 46 F.3d 152, 158 (2d Cir. 1994) ("Government title to the property is merely a 'jurisdictional fact.'"). Given the Circuit's interpretation of the statute's language and Congressional intent, there is no basis to hold that the Government must prove an added element when seeking a conviction under § 641 for conversion that does not exist when seeking a conviction under § 641 for theft. The Government is not required to prove that defendant has knowledge the property he converted belonged to the United States. See Jermendy, 544 F.2d at 641; see also United States v. Ferby, 108 F. App'x 676, 680–81 (2d. Cir. 2004) (relying on Jermendy and LaPorta to hold that defendant violated § 641 where he knew converted property belonged to someone other than himself but not that it belonged to the United States).

4. Construing all of the evidence in the light most favorable to the Government, the evidence was sufficient for a jury to conclude beyond a reasonable doubt that defendant's conduct was willful. A rational jury could conclude (and did) from defendant's participation in the planned unlawful activity, Larsen's testimony as to defendant's behavior and unwillingness to transfer the money, the text messages between defendant and Larsen, and the records of spending and bank account balances during that time, that defendant willfully kept and converted the money for his own use.[1]

---

[1] Larsen's testimony and the audio recordings were also sufficient evidence for a jury to conclude that the defendant understood that he would be participating in the planned unlawful activity. However, defendant's willfulness in agreeing to participate in what would have been money laundering is not the issue here. The crime charged was conversion in violation § 641. Therefore, the subject of the motion here is whether defendant was willful in unlawfully converting the money to his own use. What he was originally intending to do with the money is only relevant insofar as it is more evidence of willfulness in depriving the United States of the benefit and use of its property.

## CONCLUSION

Defendant's [33] motion for judgment of acquittal is therefore denied.

**SO ORDERED.**

                                                  U.S.D.J.

Dated: Brooklyn, New York
        December 8, 2015